UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1) PROGRESSIVE DIRECT INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No.: 20-cv-044-SPS |
| 1) ROB HUMPHRIES, 2) MICHELLE HUMPHRIES, 3) ZACHARY BURRIS, and 4) SHERRILYN BRADLEY. | ) ) ) ) ) ) | |
| Defendants. | ) | |

# COMPLAINT

The Plaintiff, Progressive Direct Insurance Company ("Plaintiff" or "Progressive"), by and through its undersigned attorneys, for its Complaint against the Defendants, Rob Humphries Michelle Humphries, Zachary Burris, and Sherrilyn Bradley states as follows:

## INTRODUCTION

1. This is an action for declaratory judgment pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, to determine a real and justiciable controversy among the parties with respect to their rights and obligations, if any, under a certain insurance contract, described more fully below.

2. Pursuant to 28 U.S.C. § 2202, further relief is also requested, as more specifically set forth below.

## THE PARTIES

3. Plaintiff, Progressive Direct Insurance Company, is a corporation duly organized and existing under the laws of the State of Wisconsin with its principal place of business in a state other than Oklahoma which is authorized to do business in Oklahoma.

4. Defendant, Rob Humphries, is a citizen of the State of Oklahoma who, upon information and belief, resided in Wagoner County, Oklahoma at the time of the underlying car accident which gave rise to this action and currently still resides in Wagoner County, Oklahoma.

5. Defendant, Michelle Humphries, is a citizen of the State of Oklahoma who, upon information and belief, resided in Wagoner County, Oklahoma at the time of the underlying car accident which gave rise to this action and currently still resides in Wagoner County, Oklahoma.

6. Defendant, Zachary Burris, is a citizen of the State of Oklahoma who, upon information and belief, resided in Wagoner County, Oklahoma at the time of the underlying car accident which gave rise to this action and currently still resides in Wagoner County, Oklahoma.

7. Defendant, Sherrilyn Bradley, is a citizen of the State of Oklahoma who, upon information and belief, resided in Cherokee County, Oklahoma at the time of the underlying car accident which gave rise to this action and currently still resides in Cherokee County, Oklahoma.

## JURISDICTION AND VENUE

8. Pursuant to 28 U.S.C. § 1332, this Court has proper subject matter jurisdiction as the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between citizens/entities of different states. *See* ¶¶ 3-7, 13, 27, and 32.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 116(b). *Id.*

## FACTUAL BACKGROUND

10. On April 15, 2019, Defendant Rob Humphries ("R. Humphries") procured personal automobile Policy No. 928985547 ("the Policy") from Plaintiff, Progressive Direct Insurance Company ("Progressive"). *See* **EXHIBIT 1**, Certification of Policy Documents; **EXHIBIT 2**,

Application for Insurance; **EXHIBIT 3**, Declarations Page dated April 15, 2019; **EXHIBIT 4**, Policy Form 9611D (12/15); and **EXHIBIT 5**, Endorsement Forms 4884 (10/08) and Z357 (05/06).

11. On June 27, 2019, Progressive forwarded to R. Humphries notice that the Policy wold be cancelled effective 12:01 a.m. July 8, 2019, due to the fact Progressive had not timely received payment of the Policy's premium. *See* **EXHIBIT 6**, Cancellation Notice with Certificate of Mailing.

12. On June 28, 2019, an updated Declarations Page memorializing that a Snapshot Participant Discount had been removed for the 2008 Kia Sorenta was issued to R. Humphries by Progressive. *See* **EXHIBIT 1**. *See also* **EXHIBIT 7**, Declarations Page issued June 28, 2019.

13. The Declarations Page issued to R. Humphries on June 28, 2019, listed the 2008 Kia Sorento and identified the following coverages for that vehicle: bodily injury liability coverage with limits of $25,000.00 per person/$50,000.00 per accident; property damage liability coverage with limits of $25,000.00 per accident; and collision coverage with a limit of the actual cash value of the vehicle and a $500.00 deductible. In addition, the Declarations Page identified a general policy coverage of uninsured motorist ("UM") coverage with limits of $25,000.00 per person/$50,000.00 per accident. *See* **EXHIBITS 1** and **7**.

14. On July 9, 2019, a final bill was issued by Progressive to R. Humphries advising that the Policy had cancelled effective 12:01 July 8, 2019, with outstanding premium in the amount of $164.90 due and owing. *See* **EXHIBIT 8**, Final Bill issued July 9, 2019.

15. On July 18, 2019, Defendant, Zachary Burris ("Burris"), was involved in a two-vehicle accident ("the underlying accident") while driving a 2008 Kia Sorenta, VIN KNDJD735785852725 ("the Kia"). *See* **EXHIBIT 9**, Official Oklahoma Traffic Collision Report with personal identifiers and narrative portion of report redacted.

16. Defendant, Sherrilyn Bradley ("Bradley"), was the other party involved in the underlying accident. *Id.*

17. Bradley's vehicle was damaged and she was injured in the underlying accident. *Id.*

18. The Kia was damaged and Burris was injured in the underlying incident. *Id.*

19. On July 20, 2019, R Humphries contacted Progressive and inquired about reinstating the Policy. R. Humphries did not pay the outstanding premium at that time and the Policy was not reinstated. *See* **EXHIBIT 10**, transcript of July 20, 2019, recorded call.

20. On July 25, 2019, R Humphries again contacted Progressive about reinstating the Policy. *See* **EXHIBIT 11**, transcript of July 25, 2019, recorded call.

21. On July 25, 2019, R. Humphries affirmatively represented to Progressive that no loss had occurred between the July 8, 2019, cancellation of the Policy and July 25, 2019:

> MELISSA: ... All right. So for the time period between 12:01 a.m. on the 8th of July, 2019, and the time of this call right now today on the 25th of July, have you or any household members been involved in any motor vehicle accidents?
>
> MR. HUMPHRIES: No.
>
> MELISSA: Has anyone operating a vehicle listed on your policy been involved in an accident?
>
> MR. HUMPHRIES: No.
>
> MELISSA: And has there been damage to or assessed of any of the vehicles listed on your policy?
>
> MR. HUMPHRIES: Uh, not to my knowledge.

*Id.* at 3:10-21.

22. On July 25, 2019, R. Humphries was specifically advised there would be no coverage under the Policy for any loss that occurred between July 8, 2019, and his payment of the outstanding premium for the Policy:

| | |
|---|---|
| MELISSA: | Thank you. So from the date that your policy was canceled on July 8, 2019, until right now today you acknowledge Progressive will not cover anyone in your household who's been involved in any accidents and/or any vehicle that was damaged, stolen, or involved in accidents? |
| MR. HUMPHRIES: | [Inaudible] This is a no lapse in coverage, though; right? |
| MELISSA: | Right. Meaning so like your policy will look like as if it never canceled. But if there was to be an accident that was reported from July 8th up until today, that accident would not be covered. |
| MR. HUMPHRIES: | Okay. |

See **EXHIBIT 11** at 3:22 – 4:9.

23.　On July 25, 2019, in reliance on the information provided by R. Humphries – specifically, that no accident involving a household member or any person operating a vehicle listed on the Policy had occurred between July 8, 2019, and July 25, 2019 – Progressive reinstated the Policy. See **EXHIBIT 12**, notice of reinstatement issued July 25, 2019.

24.　On July 26, 2019, Progressive received notice of the underlying accident from Laura Watson, Bradley's daughter, a non-party to this action ("Watson"). Watson placed Progressive on notice of Bradley's liability claim against Burris, at which time Watson stated she had called "the guy" identified on the Kia's insuruance verification card "several times and he [wouldn't] answer [her] calls." See **EXHIBIT 13**, transcript of July 26, 2019, call, at 2:2-20.

25.　As a result of the July 26, 2019, notice received by Progressive, it opened Claim No. 19-3350431 ("the Liability Claim") to investigate and evaluate the claims asserted against Burris by Bradley.

26.　On July 26, 2019, Progressive employee Brandy J. Turner ("Turner") forwarded correspondence to R. Humphries reserving Progressive's rights under the Policy and Oklahoma law. See **EXHIBIT 14**, correspondence from Turner to R. Humphries dated July 26, 2019.

27. On September 13, 2019, as a result of the underlying accident, Bradley instituted litigation against Burris, R. Humphries, and M. Humphries seeking recovery of damages in which she demanded judgment in excess of $75,000.00.  *See* **EXHIBIT 15**, Petition, *Sherrilyn Kay Bradley v. Zachary Burris, Rob Humphries, and Michelle Humphries*, In the District Court in and for Muskogee County, State of Oklahoma, Case No. CJ-2019-329 ("the *Bradley* lawsuit").

28. The Defendants in this action are the parties to the *Bradley* lawsuit.  *See* **EXHIBIT 15.** *See also* **EXHIBIT 16**, docket report for the *Bradley* lawsuit.

29. In accordance with the Policy and Progressive's duty of defense, Progressive is providing a defense for Burris, R. Humphries, and M. Humphries to the *Bradley* lawsuit pursuant to its reservation of its rights under the Policy and Oklahoma law.  *See* **EXHIBIT 17**, Answer of Defendants R. Humphries and M. Humphries to *Bradley* lawsuit and **EXHIBIT 18**, Answer of Burris to *Bradley* lawsuit.

30. On September 26, 2019, Progressive employee S. Prather forwarded correspondence to Burris and M. Humphries reserving Progressive's rights under the Policy and Oklahoma law.  *See* **EXHIBIT 19**, correspondence to Burris dated September 26, 2019;  **EXHIBIT 20**, correspondence to M. Humphries dated September 26, 2019; and **EXHIBIT 21**, correspondence to R. Humphries dated September 26, 2019.

31. During the course of its investigation of the Liability Claim, Progressive has gathered evidence that demonstrates R. Humphries knowingly made material misrepresentations and/or omitted material facts at the time he reinstated the Policy on July 25, 2019, in that he specifically denied any accidents involving a household member or any person operating a vehicle listed on the Policy had occurred between July 8, 2019, and July 25, 2019.

32. As a result of the claims asserted and potential claims that could be asserted as a result of the underlying accident, the $25,000 per-person liability limit provided by the Policy is at issue; Progressive's duty to defend the insured under PART I – LIABILITY TO OTHERS has been triggered and Progressive is incurring the costs and fees associated with providing that defense; the $25,000 per-accident property damage liability limit provided by the Policy is at issue; the $25,000 per-person UM/UIM liability limit by the Policy is potentially at issue; and the collision coverage for the Kia provided by the Policy is at issue.

### RELEVANT PROVISIONS OF THE POLICY

33. The Policy contains the following relevant provisions:

### OKLAHOMA AUTO POLICY

### INSURING AGREEMENT

In return for **your** payment of the premium, **we** agree to insure **you** subject to all the terms, conditions and limitations of this policy. **We** will insure **you** for the coverages and the limits of liability shown on this policy's **declarations page**. **Your** policy consists of the policy contract, **your** insurance application, the **declarations page**, and all endorsements to this policy.

\*   \*   \*

### PART I—LIABILITY TO OTHERS

**INSURING AGREEMENT**

If **you** pay the premium for this coverage, **we** will pay damages for **bodily injury** and **property damage** for which an **insured person** becomes legally responsible because of an accident.

Damages include prejudgment interest awarded against an **insured person**.

**We** will settle or defend, at **our** option, any claim for damages covered by this Part I.

\*   \*   \*

**ADDITIONAL PAYMENTS**

7

In addition to **our** limit of liability, **we** will pay for an **insured person**:

1.     all expenses **we** incur in the settlement of any claim or defense of any lawsuit;

*   *   *

### PART III—UNINSURED MOTORIST COVERAGE

**INSURING AGREEMENT**

If **you** pay the premium for this coverage, **we** will pay for damages that an **insured person** is legally entitled to recover from the owner or operator of an **uninsured motor vehicle** because of **bodily injury**:
1.     sustained by an **insured person**;
2.     caused by an accident; and
3.     arising out of the ownership, maintenance or use of an **uninsured motor vehicle**.

*   *   *

### PART IV—DAMAGE TO A VEHICLE

**INSURING AGREEMENT—COLLISION COVERAGE**

If **you** pay the premium for this coverage, **we** will pay for sudden, direct and accidental loss to a:
1.     **covered auto**, including an attached **trailer**; or

*   *   *

### PART VII—GENERAL PROVISIONS

**POLICY PERIOD AND TERRITORY**

This policy applies only to accidents and losses occurring during the policy period shown on the **declarations page** and that occur within a state, territory or possession of the United States of America, or a province or territory of Canada, or while a **covered auto** is being transported between their ports.

*   *   *

**FRAUD OR MISREPRESENTATION**

*   *   *

**We** may deny coverage for an accident or loss if **you** or a person seeking coverage has concealed or misrepresented any material fact or circumstance, or engaged in fraudulent conduct, in connection with the presentation or settlement of a claim.

\*   \*   \*

**CANCELLATION**

\*   \*   \*

After this policy is in effect for more than 45 business days, or if this is a renewal or continuation
policy, **we** may cancel only for one or more of the following reasons:
1. nonpayment of premium;
2. material misrepresentation or fraud by **you** with respect to any material fact in the procurement, continuation, change or renewal of this policy;
3. material misrepresentation or fraud in the submission of any claim under this policy;

\*   \*   \*

Proof of mailing will be sufficient proof of notice. If this policy is cancelled, coverage will not be provided as of the effective date and time shown in the notice of cancellation. For purposes of cancellation, this policy is neither severable nor divisible. Any cancellation will be effective for all coverages for all persons and all vehicles.

**CANCELLATION REFUND**

Upon cancellation, **you** may be entitled to a premium refund. However, **our** making or offering of a refund is not a condition of cancellation.

If this policy is cancelled, any refund due will be computed on a daily pro rata basis reduced by any non-refundable fully-earned policy fee. A non-refundable fully-earned policy fee may be charged only during the initial policy period.

*See* **EXHIBIT 1** and **EXHIBIT 4** at pp. 1, 3, 10, 13, and 23-26.

### DECLARATORY RELIEF SOUGHT

34. Progressive seeks a judicial determination that the Policy was not in effect on July 18, 2019, when the underlying accident occurred and, as such, no coverage of any kind is owed by

9

Progressive for any and all claims that have arisen from or could arise from the July 18, 2019, accident.

35. Specifically, Progressive seeks the following determinations concerning the coverages included in the Policy:

> A. No indemnity coverage is owed under PART I – LIABILITY TO OTHERS of the Policy for any bodily injury or property damage suffered by Defendant Bradley in the underlying accident of July 18, 2019;
>
> B. Progressive owes no duty under the Policy or Oklahoma law to defend Burris, M. Humphries and R. Humphries in the *Bradley* litigation and may withdraw the defense it is currently providing to those Defendants;
>
> C. No UM coverage is owed under PART III – UNINSURED MOTORIST COVERAGE of the Policy for any bodily injury or damages sustained by Burris in the underlying accident of July 18, 2019; and
>
> D. No collision coverage is owed under PART IV – DAMAGE TO A VEHICLE of the Policy for the damages sustained by the Kia in the underlying accident of July 18, 2019.

36. Progressive seeks a judicial determination as to whether it owes the Humphries Defendants a pro-rata premium refund for the time period extending from July 8, 2019, to July 25, 2019.

37. Progressive seeks a judicial determination as to whether R. Humphries and/or M. Humphries have violated the Fraud or Misrepresentation provision of the Policy in the course of the investigation and presentation of the Liability Claim.

38. In the event it is determined M. Humphries and/or R. Humphries have violated the Fraud or Misrepresentation provision of the Policy during the investigation and presentation of the Liability Claim, pursuant to 28 U.S.C. § 2202 and in accordance with Oklahoma law, Progressive seeks the further relief that any Defendant deemed to have violated the Fraud or Misrepresentation

provision of the Policy be ordered to reimburse to it any and all amounts it has paid or may be directed to pay under the Policy for the claims at issue.

39. In the event it is determined M. Humphries and/or R. Humphries have violated the Fraud or Misrepresentation provision of the Policy during the investigation and presentation of the Liaiblity Claim, pursuant to 28 U.S.C. § 2202 and in accordance with Oklahoma law, Progressive seeks the further relief that any Defendant deemed to have violated the Fraud or Misrepresentation provision of the Policy be ordered to reimburse Progressive for any and all amounts it has spent investigating and evaluating the claims at issue.

40. In the event it is determined M. Humphries and/or R. Humphries have violated the Fraud or Misrepresentation provision of the Policy during the investigation and presentation of the Liaiblity Claim, pursuant to 28 U.S.C. § 2202 and in accordance with Oklahoma law, Progressive seeks the further relief that any Defendant deemed to have violated the Fraud or Misrepresentation provision of the Policy be ordered to reimburse Progressive for any and all amounts it incurs in the pursuit of this litigation.

WHEREFORE, Plaintiff, Progressive Direct Insurance Company, seeks a declaratory judgment from this Court in accordance with the facts and information set forth herein, and seeks a judicial declaration as to its rights and obligations under Policy No. 928985547 and Oklahoma law as a result of the underlying accident of July 18, 2019, and the claims that have been asserted or could be asserted as a result thereof. In addition, in the event it is determined an insured violated the Fraud or Misrepresentation provision of Policy No. 928985547, pursuant to 28 U.S.C. § 2202, Plaintiff, Progressive Direct Insurance Company, respectfully requests a judgment in the amounts it has incurred in the investigation and evaluation of the claims arising from the underlying accident and the pursuit of this declaratory judgment be entered in its favor.

Respectfully submitted,

s/ Brad L. Roberson
Brad L. Roberson, OBA No. 18819
ROBERSON, KOLKER, COOPER & GOERES, P.C.
16408 Muirfield Place
Edmond, Oklahoma 73013
Telephone:    405-606-3333
Facsimile:     405-606-3334
Email:           brad@rkcglaw.com
**ATTORNEYS FOR PLAINTIFF**